145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnold MURILLO, Plaintiff-Appellant,
v.
UNITED FOOD AND COMMERCIAL WORKERS UNION, Local 588 Northern
California; Lucky Stores, Inc., dba Delaware Lucky
Stores, Inc., Defendants-Appellees.
 No. 97-15779.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Northern District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 LEGGE, J. Presiding
 
 
 1
 Arnold Murillo appeals the district court's summary judgment in favor of United Food and Commercial Workers Union Local 588 and Lucky Stores, Inc., in Murillo's action under the Labor Management Relations Act, 29 U.S.C. § 185, alleging that Local 588 breached its duty of fair representation and that Lucky Stores breached the collective bargaining agreement by terminating him without just cause. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgment de novo, see Conkle v. Jeong, 73 F.3d 909, 915 (9th Cir.1995), and we affirm.
 
 A. Duty of Fair Representation
 
 2
 Murillo contends that the district court erred by granting summary judgment on his claim that Local 588 violated its duty of fair representation in refusing to pursue his grievance to arbitration. We disagree.
 
 
 3
 A union breaches its duty of fair representation to a union member only where its conduct is arbitrary, discriminatory or in bad faith. See id. Here, Murillo failed to present any evidence that Local 588's decision not to pursue his grievance to arbitration was arbitrary, discriminatory or made in bad faith. The union interviewed all of the parties involved in the incident leading to Murillo's termination, evaluated the merits of Murillo's grievance, and made a reasonable decision that arbitration would be futile because Lucky Stores had just cause to terminate Murillo without a prior warning for intentionally mislabeling meat products in violation of company policy. See id. at 916 (stating that this court has never held a union liable for an error made in evaluating the merits of a grievance, absent proof of discrimination or bad faith).
 
 B. Breach of Contract
 
 4
 Murillo contends that the district court erred by granting summary judgment on his claim that Lucky Stores breached the collective bargaining agreement by terminating him without just cause. We disagree.
 
 
 5
 An employee has no right of action against his or her employer unless the employee has demonstrated that his or her union violated its duty of fair representation. See id. at 916-17. Because Murillo has not demonstrated that Local 588 violated its duty of fair representation, the district court properly granted summary judgment on Murillo's claim that Lucky Stores breached the collective bargaining agreement by terminating him without just cause.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4